ORR, Senior Judge:
The principal issue in this ease is whether a bad-conduct discharge was an authorized punishment. Consistent with his pleas, the appellant was found guilty of a single unauthorized absence of 22 days duration. The maximum authorized punishment for such an offense does not include a bad-conduct discharge. Manual for Courts-Martial, United States, 1984, (M.C.M.), Part IV, ¶ 10e(2)(b). In the course of accepting the appellant’s plea, the military judge asked the appellant’s trial defense counsel what advice he had given his client concerning the maximum punishment, and in his response, in which all concurred, the defense counsel said it included a bad-conduct discharge. Record at 11-12. On what basis this conclusion, at that stage of the proceedings, was reached was never mentioned. Subsequently, a court-martial order was accepted in evidence as a matter in aggravation showing that the appellant had previously been tried at another special court-martial for three other unauthorized absence offenses (one of about 10 weeks duration, one for 18 days, and another for 3 days). Prosecution Exhibit 1. No discharge was adjudged at that earlier court-martial, which was tried 4 months earlier. When the judge announced the sentence at the court-martial now before us, he adjudged a b'ad-conduct discharge, reviewed the sentence limitation portion of the pretrial agreement, and stated that it had no impact on the sentence he had just announced. Record at 33. The pretrial agreement provided, in applicable part, that the convening authority could approve a punitive discharge if a discharge was adjudged. Appellate Exhibit II. Again, no discussion concerning the basis for the parties to believe such a discharge was *864 authorized in this case occurred.[1]
The appellant now argues before this Court in his first assignment of error that a bad-conduct discharge was not an authorized punishment at his court-martial, and the Government has responded that a bad-conduct discharge was authorized by the operation of Rule for Courts-Martial (R.C.M.) 1003(d). That rule provides:

Circumstances permitting increased punishments.

(1) Three or more convictions. If an accused is found guilty of an offense or offenses for none of which a dishonorable discharge is otherwise authorized, proof of three or more previous convictions adjudged by a court-martial during the year next preceding the commission of any offense of which the accused stands convicted shall authorize a dishonorable discharge and forfeiture of all pay and allowances and, if the confinement otherwise authorized is less than 1 year, confinement for 1 year. In computing the 1-year period preceding the commission of any offense, periods of unauthorized absence shall be excluded. For purposes of this subsection, the court-martial convictions must be final.
(2) Two or more convictions. If an accused is found guilty of an offense or offenses for none of which a dishonorable or bad-conduct discharge is otherwise authorized, proof of two or more previous convictions adjudged by a court-martial during the 3 years next preceding the commission of any offense of which the accused stands convicted shall authorize a bad-con-duet discharge and forfeiture of all pay and allowances and, if the confinement otherwise authorized is less than 3 months, confinement for 3 months. In computing the 3 year period preceding the commission of any offense, periods of unauthorized absence shall be excluded. For purposes of this subsection the court-martial convictions must be final.
(3) Two or more offenses. If an accused is found guilty of two or more offenses for none of which a dishonorable or bad-conduct discharge is otherwise authorized, the fact that the authorized confinement for these offenses totals 6 months or more shall, in addition, authorize a bad-conduct discharge and forfeiture of all pay and allowances.
The Government asserts that R.C.M. 1003(d)(1) and (d)(2) can be read to require either (a) convictions at three or two separate courts-martial, respectively, or (b) convictions of three or two offenses, respectively, at a single earlier court-martial during the applicable period. The Government argues that the latter interpretation should prevail and that we should conclude that a bad-conduct discharge was an authorized punishment in this case. We disagree. See United States v. Crawford, 13 C.M.R. 306 (A.B.R.1953) (holding that where six previous convictions were considered under 1951 M.C.M. provision allowing increased punishments on proof of two or more convictions only five should have been considered because the two offenses at one of those previous courts-martial occurred more than 3 years preceding present offenses).
If the Government’s view prevailed, R.C.M. 1003(d)(1) would have authorized a dishonorable discharge upon the appellant’s conviction for this 22-day absence if that one offense had been referred to a general court-martial. In addition, a servicemember who writes thirty bad checks and is convicted at a single court-martial would have thirty convictions under this interpretation. But see United States v. Carter, 2 C.M.R. 582, 583 (N.B.R.1951) (holding error for trial counsel to refer to two previous convictions, one of which contained four specifications, as five convictions). We think if the President had intended the rule to have that meaning he would have said “proof of convictions of two or more offenses” or “having been found guilty of two or more offenses at one or more courts-martial” vice “proof of two or more previous convictions.” Certainly the “two or more offenses” language was not unknown to the drafters of the Rule since that particular phrase is used in R.C.M. 1003(d)(3).
*865 In light of our conclusion concerning the appellant’s first assignment of error, we need not address his second,[2] and the remaining five assignments[3] are without merit. See Weiss v. United States, — U.S. -, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); United States v. Mitchell, 37 M.J. 903 (N.M.C.M.R.) (en banc), petition granted, 38 M.J. 313 (C.M.A.1993).
Accordingly, the findings and only so much of the sentence as provides for confinement for 45 days and reduction to pay grade E-l are affirmed.
Senior Judge REED and Judge DeCICCO concur.

. The judge advocate who submitted the post-trial recommendation advised the convening authority that a bad-conduct discharge was an authorized punishment but also failed to mention how he arrived at that conclusion.

. II. THE MILITARY JUDGE ERRED IN FAILING TO ASCERTAIN WHETHER APPELLANT UNDERSTOOD THAT UPON CONVICTION THE COURT WAS EMPOWERED TO ADJUDGE A BAD-CONDUCT DISCHARGE PURELY ON THE BASIS OF THE OPERATION OF R.C.M. 1003(d), United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969).

. III. THE COURT-MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)
IV. THE COURT-MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)
V. THIS COURT DOES NOT HAVE POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)
VI. THIS COURT HAS NO POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)
VII. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF NAVY-MARINE CORPS COURT OF MILITARY REVIEW JUDGES’ FITNESS REPORTS VIOLATES APPELLANT’S RIGHT TO AN IMPARTIAL JUDICIAL FORUM. (CITATION OMITTED.)